UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Steven Talbott,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　Plaintiff(s)<br><br>　　-v.-<br><br>Creditone, L.L.C.,<br>and John Does 1-25.<br><br>　　　　　　　　　　Defendant(s). | Civil Action No: 2:20-cv-2535<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Steven Talbott ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Hair Shunnarah Trial Attorneys, LLC, against Defendant Creditone, L.L.C. ("Creditone"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the

effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Defendant's principal place of business is located.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Tennessee, Parish of Jefferson, residing at 1044 Jefferson Street, Apt 3, Nashville, TN 37208.

8. Defendant Creditone is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3619 18th St., Suite A, Metairie, LA

70002 and can be served upon their registered agent C T Corporation System at 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

9. Upon information and belief, Defendant Creditone is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of all individuals:

    a. to whom Defendant Creditone sent an initial letter;

    b. attempting to collect a consumer debt;

    c. that has conflicting amounts listed for the amount needed to satisfy the account in full.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 § l692e, 1692f and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained

of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

20. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

21. Some time prior to January 7, 2020, an obligation was allegedly incurred to creditor Mariner Finance.

22. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for a personal loan.

23. Mariner Finance is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Defendant Creditone subsequently purchased the alleged debt from Mariner Finance.

25. Defendant Creditone collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – January 7, 2020 Collection Letter*

26. On or about January 7, 2020, Defendant sent Plaintiff a collection letter. A true and accurate copy of this letter from Defendant is **attached as Exhibit A**.

27. The letter contains three different amounts alleged to be owed or that can be paid to satisfy the debt in full:

   a. $3,120.66 as the "total amount of the debt";

   b. $2,496.53 as the amount needed to "satisfy your account in full"; and

      c.    $3,120.48 (written as 36 consecutive monthly payments of $86.68) as the amount needed to "satisfy your account in full".

28.    This listing of three separate amounts that are the total amount of the debt or the amount needed to satisfy the debt in full confuses the consumer as to how much is truly owed, if at all.

29.    Additionally, the letter does not provide any due dates for payment(s) thereunder, further illustrating that these are not settlement offers, rather payments in full.

30.    This also leads the consumer to believe he can pay any of the amounts listed at any time he chooses, even months later.

31.    These actions by Defendant deceive the consumer since he cannot properly evaluate the timely need for making a payment and the possible benefits and/or detriments to the consumer.

32.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

33.    Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Defendant violated said section:

   a. By making a misleading representation in violation of §1692e (2)(a) and (10) by stating three conflicting amounts of the debt or payments needed to satisfy the debt;

   b. As the letter described above has statements that are open to more than one reasonable interpretation, at least one of which is inaccurate;

   c. By failing to include a due date leading a consumer to believe he or she can pay any of the listed amount at any time.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.***

38. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

41. Defendant violated this section by:

   a. stating three conflicting amounts of the debt or payments needed to satisfy the debt;

   b. As the letter described above has statements that are open to more than one reasonable interpretation, at least one of which is inaccurate;

   c. By failing to include a due date leading a consumer to believe he or she can pay any of the listed amount at any time.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

43. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

45. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. Defendant violated 15 U.S.C. §1692g by continuously failing to clearly identify the amount owed.

47.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Steven Talbott, individually and on behalf of all others similarly situated, demands judgment from Defendant Creditone, L.L.C., as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Samuel J. Ford, Esq., as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 17, 2020                    Respectfully Submitted,

By:<u>*/s/ Samuel J. Ford, Esq.*</u>
Samuel J. Ford, Esq.
Hair Shunnarah Trial Attorneys, LLC
4621 West Napoleon Avenue, Suite 204
Metairie, Louisiana 70001
504.684.5200, Ext. 5
ford@hairshunnarah.com

*Attorneys for Plaintiff*